KEKER, VAN NEST & PETERS LLP
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
JO W. GOLUB - # 246224
jgolub@keker.com
MORGAN E. SHARMA - # 313863
msharma@keker.com
JASON S. GEORGE - # 307707
jgeorge@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
LYFT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| D. BRUNNER, JR.,<br><br>              Plaintiff,<br><br>       v.<br><br>LYFT, INC.,<br><br>              Defendant. | Case No. 3:19-cv-04808 VC<br><br>**DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   November 14, 2019<br>Time:   10:00 a.m.<br>Dept.:   Courtroom 4, 17th Floor<br>Judge: Hon. Vince Chhabria<br><br>Date Filed:  August 14, 2019<br><br>Trial Date:  None set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 14, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Vince Chhabria, located in Courtroom 4, 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Lyft, Inc. will and hereby does move this Court for an order striking the class allegations in Plaintiff Don Brunner, Jr.'s complaint pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D).

## Motion to Strike Class Allegations

Defendant Lyft, Inc. ("Lyft") respectfully moves this Court to strike the class allegations in Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D).  The grounds for this motion are that Plaintiff's class allegations constitute a "redundant, immaterial, or impertinent or scandalous matter," Fed. R. Civ. P. 12(f), and that it is "appropriate for the court to require that the pleadings be amended to eliminate allegations about representation of absent persons," *id.* 23(d)(1)(D).  Plaintiff's class can never be certified as alleged because the vast majority of the putative class agreed to binding arbitration and Plaintiff is not an adequate or typical representative.

This motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities; the Request for Judicial Notice in Support of Lyft's Motion to Strike Allegations; the Declaration of Jeannie Lieu in Support of Lyft's Motion to Strike Class Allegations and the exhibits thereto; the pleadings, records, and papers on file in this action; and any such further evidence or arguments as may be presented at or before the hearing.

//

//

//

//

//

//

Dated:  September 12, 2019                KEKER, VAN NEST & PETERS LLP


By:   */s/ Jo W. Golub*
       R. JAMES SLAUGHTER
       JO W. GOLUB
       MORGAN E. SHARMA
       JASON S. GEORGE

       Attorneys for Defendant
       LYFT, INC.

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................1

II.    BACKGROUND ..................................................................................................3

    A.    Plaintiff seeks class and collective action relief from Lyft for allegedly misclassifying drivers using the Lyft Platform as independent contractors. ..........3

    B.    Plaintiff admits that the putative class is almost uniformly subject to an arbitration and class waiver provision that bars them from participating in a class or collective action. ......................................................................................3

III.    LEGAL STANDARD............................................................................................4

IV.    ARGUMENT ......................................................................................................6

    A.    The vast majority of the putative class is "subject to" an arbitration and class action waiver provision that precludes certification of the putative class......................................................................................................................6

    B.    Plaintiff cannot challenge the enforceability of the arbitration and class action waiver provision in Lyft's Terms because such issues are delegated to the arbitrator and Plaintiff lacks standing to raise them. ...................................8

        1.    Any challenges to the enforceability of the arbitration and class action waiver provision must be decided by an arbitrator. ..........................8

        2.    Plaintiff lacks standing to challenge the enforceability of the arbitration and class action waiver provisions. ............................................9

    C.    Plaintiff cannot satisfy the adequacy or typicality requirements of class certification as a matter of law..............................................................................11

    D.    The Court should not delay in striking Plaintiff's improper class allegations. ................................................................................................................13

V.    CONCLUSION..................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Federal Cases**

*Abdul-Baaqiy v. Fed. Nat'l Mortg. Ass'n*
  149 F. Supp. 3d 1 (D.D.C. 2015) ........................................................................12

*Allied-Bruce Terminix Cos., Inc. v. Dobson*
  513 U.S. 265 (1995) ..............................................................................................7

*Am. Exp. Co. v. Italian Colors Rest.*
  133 S. Ct. 2304 (2013) ........................................................................................11

*Arizonans for Official English v. Ariz.*
  520 U.S. 43 (1997) ..............................................................................................10

*Arrunategui v. Conocophillips Co.*
  2009 WL 10674111 (C.D. Cal. June 24, 2009) ...................................................12

*Avilez v. Pinkerton Gov't Servs. Inc.*
  596 F. App'x 579 (9th Cir. 2015) ........................................................................11

*Bekele v. Lyft, Inc.*
  199 F. Supp. 3d 284 (D. Mass. 2016) ...................................................................7

*Campanelli v. Image First Healthcare Laundry Specialists, Inc.*
  2018 WL 6727825 (N.D. Cal. Dec. 21, 2018) ........................................2, 6, 11, 12

*Conde v. Open Door Mktg., LLC*
  223 F. Supp. 3d 949 (N.D. Cal. 2017) ...................................................2, 10, 12

*Davis v. Wells Fargo Advisors LLC*
  2014 WL 1370278 (D. Ariz. Apr. 8, 2014) ......................................................5, 13

*Epic Sys. Corp. v. Lewis*
  138 S. Ct. 1612 (2018) ..........................................................................................9

*In re H&R Block IRS Form 8863 Litig.*
  2015 WL 13344628 (W.D. Mo. Jan. 7, 2015) .....................................................13

*Henry Schein, Inc. v. Archer & White Sales, Inc.*
  139 S. Ct. 524 (2019) ............................................................................................8

*Jensen v. Cablevision Sys. Corp.*
  372 F. Supp. 3d 95 (E.D.N.Y. 2019) ...................................................................12

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE
Case No. 3:19-cv-04808 VC

1342343

*In re JPMorgan Chase & Co.*
  916 F.3d 494 (5th Cir. 2019) ...................................................................8

*Kamm v. Cal. City Dev. Co.*
  509 F.2d 205 (9th Cir. 1975) ...................................................................5

*King v. Capital One Bank (USA), N.A.*
  2012 WL 5570624 (W.D. Va. Nov. 15, 2012) .......................................12

*Lawson v. Life of the S. Ins. Co.*
  286 F.R.D. 689 (M.D. Ga. 2012) ............................................................5

*Loewen v. Lyft, Inc.*
  129 F. Supp. 3d 945 (N.D. Cal. 2015) .................................................7, 9

*Lumpkin v. E.I. Du Pont de Nemours & Co.*
  161 F.R.D. 480 (M.D. Ga. 1995) ............................................................5

*Mantolete v. Bolger*
  767 F.2d 1416 (9th Cir. 1985) .................................................................5

*Mohamed v. Uber Techs., Inc.*
  848 F.3d 1201 (9th Cir. 2016) .................................................................9

*O'Connor v. Uber Techs., Inc.*
  904 F.3d 1087 (9th Cir. 2018) ....................................................2, 6, 8, 9

*In re Online Travel Co.*
  953 F. Supp. 2d 713 (N.D. Tex. 2013) .................................................5, 13

*Quinlan Macy's Corp. Servs., Inc.*
  2013 WL 11091572, at *3 (C.D. Cal. Aug. 22, 2013) ...........................11

*Rent-A-Center, W., Inc. v. Jackson*
  561 U.S. 63 (2010) ...............................................................................2, 8

*Renton v. Kaiser Found. Health Plan, Inc.*
  2001 WL 1218773 (W.D. Wash. Sept. 24, 2001) .................................11

*Route v. Mead Johnson Nutrition Co.*
  2013 WL 658251 (C.D. Cal. Feb. 21, 2013)..........................................13

*Sanders v. Apple Inc.*
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ....................................................4

*Shearson/Am. Exp., Inc. v. McMahon*
  482 U.S. 220 (1987)............................................................................7, 10

1342343

*Tan v. GrubHub, Inc.*
   2016 WL 4721439 (N.D. Cal. July 19, 2016) ................................................................ *passim*

*In re Titanium Dioxide Antitrust Litig.*
   962 F. Supp. 2d 840 (D. Md. 2013) ................................................................................12

*Tschudy v. J.C. Penney Corp., Inc.*
   2015 WL 8484530 (S.D. Cal. Dec. 9, 2015) ...................................................................12

*United States v. Clayton*
   108 F.3d 1114 (9th Cir. 1997) ........................................................................................7

*United States v. Sutcliffe*
   505 F.3d 944 (9th Cir. 2007) ..........................................................................................7

*Wickberg v. Lyft, Inc.*
   356 F. Supp. 3d 179 (D. Mass. 2018) ..........................................................................2, 7

*Zieger v. Advance Am.*
   2014 WL 7388365 (D. Del. Dec. 29, 2014) ..................................................................5, 13

*Zulewski v. Hershey Co.*
   2013 WL 1748054 (N.D. Cal. Apr. 23, 2013) ...................................................................5

**Federal Statutes**

9 U.S.C. § 2 ........................................................................................................................7, 10

9 U.S.C. § 4 ...............................................................................................................................8

Federal Arbitration Act .................................................................................................7, 8, 10

Fair Labor Standards Act .........................................................................................................1

FLSA ....................................................................................................................................3, 8

**Rules**

Fed. R. Civ. P. 1 ....................................................................................................................14

Fed. R. Civ. P. 12 .................................................................................................................4, 5

Fed. R. Civ. P. 23 ..........................................................................................................5, 11, 12

DEFENDANT LYFT, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE
Case No. 3:19-cv-04808 VC

<u>**MEMORANDUM OF POINTS AND AUTHORITES**</u>

## I.      INTRODUCTION

As Defendant Lyft, Inc. ("Lyft") argues in a separate motion, Plaintiff's suit was improperly filed and should be sent back to the arbitration forum in which it is already pending. But Plaintiff's misguided attempt to skirt his arbitration obligations is not the only flaw with his suit; he also attempts to bring his suit as a class action, which he may not do for the alleged putative class.

As the Court knows, Lyft operates a ridesharing platform that enables passengers who need rides to connect with drivers who want to provide them.  Plaintiff Don Brunner, Jr. ("Plaintiff") alleges that Lyft misclassifies, as independent contractors, the drivers who use Lyft's platform to provide rides.  On that basis, Plaintiff asserts wage-and-hour claims under California labor laws and the Fair Labor Standards Act ("FLSA"), seeking class and collective action relief on behalf of all drivers who have used the Lyft Platform in California.  If Plaintiff's suit survives at all, he cannot represent the putative class he alleges.

Plaintiff admits that he originally brought his claims in arbitration because he "was subject to the arbitration agreement contained within Lyft's [Terms of Service]."  Compl. ¶ 14. On the narrow, and factually incorrect, premise that Lyft somehow "waived" that arbitral forum, Plaintiff withdrew from the arbitration process.  On this slender reed, Plaintiff not only seeks to bring his individual claims in court, but also seeks to bring claims on behalf of every driver in California, including those who agreed to arbitrate.  Lyft's concurrently-filed motion to compel arbitration demonstrates that Plaintiff's abandonment of arbitration was as wrongheaded as it was premature.  This motion, by contrast, demonstrates that, even if Lyft had waived arbitration as to Plaintiff's *individual* claims, Plaintiff's putative class would still be improper because it includes drivers who agreed to arbitrate and for whom such a waiver cannot possibly apply.

Plaintiff's own allegations demonstrate why his class allegations must be stricken. Plaintiff admits that each of the drivers in the putative class agreed to Lyft's Terms of Service

("Terms"), that the "vast majority" of such drivers agreed to the arbitration and class action waiver provision in those Terms, and that the wage-and-hour claims he brings are "subject to" that arbitration and class action waiver provision.  Compl. ¶ 3-5.  And there is no question that this provision is enforceable.  Not only did Plaintiff initially proceed in arbitration because he was "subject to" the arbitration agreement, *id.*, but well-settled federal law establishes the enforceability of Lyft's arbitration and class action waiver provision, *see e.g.*, *Wickberg v. Lyft, Inc.*, 356 F. Supp. 3d 179, 182 (D. Mass. 2018).  Ninth Circuit precedent thus prohibits the "vast majority" of drivers who did not opt out of the provision from participating in this action.  *See O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1094 (9th Cir. 2018).

Plaintiff will likely argue that he has the right to challenge the enforceability of Lyft's arbitration and class action waiver provision on behalf of the putative class, and needs discovery to do so.  But Plaintiff, as a matter of law, cannot challenge the enforceability of other drivers' arbitration agreements in court.  ***First***, any challenges to enforceability are for the arbitrator to decide because Lyft's Terms delegate all gateway questions of arbitrability to the arbitrator.  *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) (delegation of arbitrability is valid).  ***Second***, to the extent Plaintiff successfully argues that the arbitration provision does not apply to him because Lyft "waived" that provision, Plaintiff has no standing to challenge other drivers' agreements to arbitrate their claims.  *See Tan v. GrubHub, Inc.*, 2016 WL 4721439, at *6 (N.D. Cal. July 19, 2016).  ***Finally***, Plaintiff's position is that Lyft's arbitration provision does not apply to him.  This demonstrates that he is not an adequate or typical representative as a matter of law.  *See Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 960 (N.D. Cal. 2017).  Discovery cannot cure these ***legal*** defects in Plaintiff's class allegations.

Lyft primarily requests the Court to compel arbitration of Plaintiff's claims for the reasons discussed in the concurrently filed motion to compel arbitration.  If the Court does not compel arbitration, Lyft respectfully requests the Court to strike Plaintiff's class allegations.

## II.     BACKGROUND

### A.     Plaintiff seeks class and collective action relief from Lyft for allegedly misclassifying drivers using the Lyft Platform as independent contractors.

Plaintiff alleges that Lyft misclassified him and other drivers who have used the Lyft Platform in California as independent contractors rather than as employees.  Compl. ¶¶ 1-4.  On that basis, Plaintiff asserts claims under the FLSA and California labor laws, including claims for minimum wage, overtime, expense reimbursement, failure to provide wage statements, failure to provide meals and rest breaks, and for violation of California's unfair competition law ("UCL").  *Id.* ¶¶ 65–112.  For the claims under California law, Plaintiff seeks to represent a class of all drivers who used the Lyft Platform since July 2, 2016.  *Id.* ¶ 3.  Under the FLSA, Plaintiff seeks to bring a collective action on behalf of drivers who used the Lyft Platform since August 14, 2016.  *Id.* ¶ 4.

### B.     Plaintiff admits that the putative class is almost uniformly subject to an arbitration and class waiver provision that bars them from participating in a class or collective action.

Plaintiff alleges the following: "Like all Lyft drivers, Plaintiff was required to consent to Lyft's Terms of Service ("TOS") when he signed up to become a Lyft driver.  And like the vast majority of Lyft drivers, Plaintiff did not opt out of the arbitration clause contained in Section 17 of the TOS."  Compl. ¶ 5.  Plaintiff goes on to allege that Lyft's arbitration agreement is enforceable against his claims: "Plaintiff's claims were originally brought in arbitration because Plaintiff ***was subject to the arbitration agreement*** contained within Lyft's TOS."  *Id.* ¶ 14 (emphasis added).  Plaintiff's sole alleged basis for proceeding in Court is his allegation that Lyft's purported delays in payment to the American Arbitration Association ("AAA") was a waiver of the arbitration provision in Lyft's Terms.  *Id.* ¶ 23.  But Plaintiff does not allege that any such delay in payment applies to the "vast majority" of drivers who consented to the arbitration provision in Lyft's Terms of Service.  *Id.* ¶ 5.

Plaintiff is correct that the putative class is uniformly subject to the Terms of Service and has been throughout the putative class period.  *See* Lieu Decl. Exs. 1–8.  And Plaintiff is correct that the Terms of Service contain (and have always contained) an arbitration and class action

waiver provision applicable to the "vast majority" of drivers.  *Id.*  This provision, which has not materially changed over time,[1] requires individual arbitration of "ALL DISPUTES AND CLAIMS BETWEEN US," including "any dispute, claim or controversy, whether based on past, present, or future events, arising out of or relating to: this Agreement and prior versions thereof . . . , the Lyft Platform, the Rideshare Services . . . your relationship with Lyft, . . . any payments made or allegedly owed to you . . . any city, county, state or federal wage-hour law, trade secrets, unfair competition, compensation, breaks and rest periods, expense reimbursement, . . . ."  Lieu Decl., Ex. 8 § 17(a); *see also id.*, Exs. 6-7, § 17(a).[2]  Lyft's Terms are judicially noticeable for the reasons set forth in Lyft's concurrently-filed request for judicial notice in support of this motion.

Lyft's Terms of Service also delegate "[a]ll disputes concerning the arbitrability of a Claim (including disputes about the scope, applicability, enforceability, revocability, or validity of the Arbitration Agreement)" to the arbitrator.  *Id.*[3]  Beginning on September 30, 2016, the Terms of Service began allowing drivers to opt out of the arbitration provision.  *See id.*, Ex. 6 § 17(j); *see also id.*, Exs. 7-8, § 17(j) (Feb. 6, 2018 and Aug. 26, 2019 Terms).  As already noted, Plaintiff alleges that he did not opt out of arbitration and that the "vast majority" of drivers failed to opt out.

## III.   LEGAL STANDARD

"Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery."  *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009).  Rule 12(f)—which authorizes a motion to strike "an insufficient defense or any redundant, immaterial, or impertinent or scandalous

---

[1] Until September 30, 2016, the Terms of Service required arbitration of "any legal disputes or claims arising out of or related to the Agreement (including but not limited to the use of the Lyft Platform and/or the Services . . .)."  Lieu Decl. ¶ 4 & Exs. 1-5.

[2] As set forth in the Lieu Declaration, Lyft's current Terms of Service are publicly available on Lyft's website: https://www.lyft.com/terms.

[3] Before September 30, 2016, the Terms of Service similarly delegated to the arbitrator "the interpretation, enforceability, or validity of the Agreement, or the arbitrability of any dispute."  Lieu Decl. ¶ 4.

matter"— permits this.  Fed. R. Civ. P. 12(f); *see also Zulewski v. Hershey Co.*, 2013 WL 1748054, at *1 (N.D. Cal. Apr. 23, 2013) ("The defendant may file a preemptive motion to deny class certification or to strike the class allegations from the complaint even if the plaintiff has not moved to certify the class.").

So too does Rule 23, which directs the Court to determine whether to certify a class "[a]t an early practicable time" and gives it authority to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Fed. R. Civ. P. 23(c)(1)(A), (d)(1)(D).  These provisions grant "broad discretion in making class action determinations upon a party's motion for or against class certification." *Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 695 (M.D. Ga. 2012) (emphasis added) (striking class allegations on the pleadings under Rule 23); *Zieger v. Advance Am.*, 2014 WL 7388365, at *3, 6–7 (D. Del. Dec. 29, 2014) (striking claims subject to arbitration pursuant to Rule 23); *Davis v. Wells Fargo Advisors LLC*, 2014 WL 1370278, at *5 (D. Ariz. Apr. 8, 2014) (striking arbitrable class claims at the pleading stage); *In re Online Travel Co.*, 953 F. Supp. 2d 713, 725 (N.D. Tex. 2013) ("Any claims by absent class members bound by the User Agreement would be impertinent, as those class members would be bound to individually arbitrate their claims."); *see also Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 207, 209–13 (9th Cir. 1975) (affirming district court decision to strike class allegations under Rule 23 and rejecting argument that district court should have first allowed discovery).

"Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) (affirming decision to strike nationwide class allegations).  When "awaiting further discovery will only cause needless delay and expense," the Court can and should make a preemptive determination that a class cannot be certified. *Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga. 1995).

IV.     **ARGUMENT**

A.      **The vast majority of the putative class is "subject to" an arbitration and class action waiver provision that precludes certification of the putative class.**

Plaintiff's class allegations are improper because they encompass individuals who agreed to binding arbitration.  In *O'Connor v. Uber Technologies, Inc.*, the Ninth Circuit reversed the district court's decision certifying a class because it contained individuals who agreed to arbitrate their wage-and-hour claims against Uber.  904 F.3d at 1094.  The Ninth Circuit reasoned that drivers "who entered into agreements to arbitrate their claims and to waive their right to participate in a class action with regard to those claims" cannot proceed on a classwide basis.  *Id.* at 1094.

*O'Connor* is directly on point and dictates the outcome here.  Plaintiff alleges that every driver agreed to Lyft's Terms of Service.  Compl. ¶ 5.  Plaintiff also alleges that the "vast majority" of those drivers did not opt out of the arbitration and class action waiver provision in Lyft's Terms.  *Id.*  Plaintiff even alleges that without Lyft's waiver of the arbitration provision as to Plaintiff's individual claims, those claims are "subject to" the arbitration and class action waiver provision in Lyft's Terms.  *Id.* ¶ 14.  Indeed, Plaintiff originally asserted his claims in arbitration knowing that he could not proceed in court.  *Id.*  Plaintiff's allegations thus constitute an admission that the vast majority of the putative class agreed to a binding and enforceable arbitration provision.

The applicable law governing arbitration agreements and Lyft's judicially noticeable Terms of Service confirm that the arbitration and class action waiver provision in Lyft's Terms encompasses Plaintiff's claims and is enforceable.  ***First,*** the current version of the arbitration and class action waiver provision in Lyft's Terms, which has been essentially the same since September 30, 2016, requires the arbitration of "ALL DISPUTES AND CLAIMS BETWEEN US" including claims "arising out of or relating to . . . any city, county, state or federal wage-hour law."  Lieu Decl. Ex. 8, § 17(a).  And the relevant terms in effect before September 30, 2016 required arbitration of "any legal disputes or claims arising out of or related to the Agreement (including but not limited to the use of the Lyft Platform and/or the Services. . . ."  *Id.*

Ex. 1-5.  These are both extremely broad arbitration provisions that encompass the wage-and-hour claims at issue here.[4]

*Second*, the Federal Arbitration Act ("FAA") requires the Court to presume that this arbitration provision in Lyft's judicially noticeable Terms of Service is valid and enforceable.  9 U.S.C. § 2 (arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"); *see also Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987).

The FAA, and this presumption, applies here because Lyft's Terms constitute a contract that "affect[s]" interstate commerce.  *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273–74 (1995); *see also* Lyft's Mot. to Compel Arbitration at 6-8 (discussing standard for FAA's applicability with more specificity).  Plaintiff alleges that Lyft operates in "at least" 34 states.  Compl. ¶ 13.  The Lyft Platform's "multistate nature" shows that Lyft's Terms concern transactions affecting interstate commerce.  *Allied-Bruce*, 513 U.S. at 273-75, 282.  Moreover, the Lyft Platform facilitates connections between drivers and riders via a mobile phone application.  Compl. ¶ 25.  Software that affects the use of cellular phones is an instrumentality of interstate commerce, *United States v. Clayton*, 108 F.3d 1114, 1117 (9th Cir. 1997), as is the Internet more generally, *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007).  These undisputed facts confirm that the Terms govern activity that affects interstate commerce.  The arbitration provision in Lyft's Terms is thus presumptively valid.

*Third*, according to multiple courts addressing Lyft's arbitration and class action waiver provision, the FAA's presumption of enforceability cannot be rebutted here.  Indeed, courts regularly compel arbitration of wage-and-hour claims based on Lyft's arbitration agreement.  *See, e.g.*, *Bekele v. Lyft, Inc.*, 199 F. Supp. 3d 284, 313-14 (D. Mass. 2016), *aff'd*, 918 F.3d 181 (1st Cir. 2019) (compelling arbitration under Lyft Terms of Service); *Wickberg*, 356 F. Supp. 3d at 182 (same); *Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 966 (N.D. Cal. 2015) (same).

---

[4] If there is any doubt that Plaintiff's class allegations fall within the scope of the arbitration and class action waiver provision, as discussed below, such an issue is delegated to the arbitrator.

Plaintiff's own allegations, the requirements of the FAA, and the relevant case law addressing Lyft's Terms demonstrate that the vast majority of the putative class has agreed to binding individual arbitration of their claims against Lyft.  Under the reasoning in *O'Connor*, a class cannot be certified where the vast majority of its members have agreed to arbitration. There is no need to leave for tomorrow an issue that can be decided today based on Plaintiff's own allegations and the relevant law.  And ruling on the issue now would prevent Plaintiff from forcing the expenditure of private and judicial resources (in discovery, discovery disputes related to the putative class, and other motions practice) on a putative class Plaintiff has no chance of certifying.  The Court should thus grant Lyft's motion to strike Plaintiff's class allegations.[5]

### B. Plaintiff cannot challenge the enforceability of the arbitration and class action waiver provision in Lyft's Terms because such issues are delegated to the arbitrator and Plaintiff lacks standing to raise them.

While Plaintiff will no doubt contend that other drivers' arbitration agreements are unenforceable, the Court should not entertain these arguments because (1) Lyft's Terms delegate all "gateway" questions of arbitrability to the arbitrator; and (2) Plaintiff has no standing to challenge the enforceability of Lyft's Terms.

### 1. Any challenges to the enforceability of the arbitration and class action waiver provision must be decided by an arbitrator.

Under the FAA, courts must enforce the parties' agreement to delegate to an arbitrator "gateway" questions about the existence, scope, and enforceability of that agreement.  9 U.S.C. § 4; *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010).  Courts look to whether there is "clear and unmistakable evidence" that the parties agreed to delegate such questions of arbitrability.  *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019*)*.

Here, in the pre-September 2016 versions of Lyft's Terms, the parties delegated questions

---

[5] For the same reason, the Court should also strike Plaintiff's FLSA collective action allegations. The collective cannot include individuals who agreed to arbitration of their claims, and it is improper to send an opt-in notice to such putative collective members.  *In re JPMorgan Chase & Co.*, 916 F.3d 494, 502 (5th Cir. 2019).  Though Lyft acknowledges that some courts have delayed addressing this issue until a time past the pleading stage, there is no need to do so where Plaintiff's allegations essentially concede the applicability and enforceability of the arbitration agreement.

of "enforceability . . . of the Agreement, or the arbitrability of any dispute" to the arbitrator. Lieu Decl. ¶ 4, Ex. 1.  And in later versions, the parties agreed that "[a]ll disputes concerning the arbitrability of a Claim (including disputes about the scope, applicability, enforceability, revocability or validity of the Arbitration Agreement) shall be decided by the arbitrator."  Lieu Decl., Ex. 8 § 17(a).[6]  These clauses are "clear and unmistakable" evidence that the parties delegated gateway questions of arbitrability to the arbitrator.  *See, e.g.*, *Loewen*, 129 F. Supp. 3d at 966 (enforcing delegation clause in Lyft's 2014 Terms); *Mohamed*, 848 F.3d at 1207–09 (enforcing delegation clause with similar language).

The situation was similar in *O'Connor*, 904 F.3d at 1094.  There, the Ninth Circuit held that the district court had erred by addressing the enforceability of an arbitration provision on class certification.  *Id.*  The enforceability question was not "properly for the district court to answer" because "[t]he question of arbitrability was designated to the arbitrator."  *Id.* at 1094-95. Plaintiff's allegations, the presumption favoring arbitrability, and the cases compelling arbitration on Lyft's terms show the Terms are valid contracts.  The arbitrator, not the Court, must decide any additional questions on their scope or enforceability.  The Court should thus disregard Plaintiff's arguments against enforceability and leave them to the arbitrator.

### 2.   Plaintiff lacks standing to challenge the enforceability of the arbitration and class action waiver provisions.

The Court should also disregard Plaintiff's arguments against enforceability because Plaintiff lacks standing to challenge the enforceability of other drivers' arbitration agreements. The decision in *Tan v. GrubHub, Inc.* is instructive.  2016 WL 4721439 (N.D. Cal. July 19, 2016).  The Court there held that the named plaintiff lacked "standing to challenge the applicability or enforceability of the arbitration and class action waiver provisions."  *Id.* at *6.

---

[6] Lyft acknowledges that, for these later versions of the Terms, the Court must decide the enforceability of the separate class action waiver.  See Lieu Decl., Ex. 7, § 17(b).  But *arbitrability* is still delegated to the arbitrator.  Only challenges to the class action waiver must be decided in Court.  *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016) (delegating "all claims except challenges to the class . . . action waiver[]").  And regardless, the U.S. Supreme Court requires enforcement of class action waivers.  *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018).

The plaintiff could not challenge those provisions because "in light of his decision to opt out, they do not apply to him." *Id.*; *see also Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 960 (N.D. Cal. 2017) (holding that because the plaintiffs were "not personally affected by the arbitration agreements at issue," they "lack[ed] the ability to challenge the agreements on behalf of individuals who did sign such agreements.").

The reasoning of *Tan* and *Conde* applies here with equal force. To the extent Plaintiff successfully argues that Lyft has waived the right to proceed in arbitration, Lyft's arbitration provision no longer applies to him, and Plaintiff thus loses any interest in challenging the arbitration provision of other drivers. Though Plaintiff may have some cognizable interest in the arbitration provision when he is still subject to its terms, a finding of waiver will cause Plaintiff to no longer be "personally affected" by the arbitration provision because it does not "apply to him." *Conde*, 223 F. Supp. 3d at 960; *Tan*, 2016 WL 4721439 at *6.[7] Plaintiff thus lacks standing to "challenge the agreements" of other drivers who are still potentially subject to arbitration. *Conde*, 223 F. Supp. 3d at 960. The Court therefore need not—and should not—consider Plaintiff's challenges to arbitration agreements that cannot be enforced against him.[8]

In any event, Lyft need not address Plaintiffs' hypothetical enforceability challenges in this motion. As Lyft noted above, arbitration agreements governed by the FAA are **presumed** valid and enforceable. *See* 9 U.S.C. § 2; *see Shearson/Am. Exp.*, 482 U.S. at 226. Accordingly, Lyft does not bear the burden of proving the arbitration clauses in Lyft Terms are valid. Instead, **Plaintiffs** would, if they had standing, bear the burden of proving the agreements to arbitrate are

---

[7] Even though the arbitration provision was potentially applicable at the time of filing this lawsuit, Plaintiff's interest is mooted if the Court finds that Lyft waived the arbitration provision. Mootness is "the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 68 n. 22 (1997) (citations omitted).

[8] As discussed in Lyft's concurrently-filed motion to compel arbitration, Plaintiff's claims must be compelled to arbitration. If, however, the Court finds that Plaintiff has validly opted out of arbitration, Plaintiff clearly lacks standing to challenge other drivers' arbitration agreements because Plaintiff would no longer even be party to an arbitration agreement with Lyft. *See Conde*, 223 F. Supp. 3d at 960; *Tan*, 2016 WL 4721439 at *6.

*not* valid.

### C.   Plaintiff cannot satisfy the adequacy or typicality requirements of class certification as a matter of law.

Even if these other deficiencies did not apply to Plaintiff's suit, as a matter of law, it is impossible for Plaintiff to satisfy the typicality or adequacy requirements for class certification. Under Rule 23's "stringent requirements," *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013), Plaintiff must show, among other things, that his claims and defenses "are typical of the claims or defenses of the class" and that Plaintiff "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)–(4).  Plaintiff cannot satisfy either requirement.

Under Plaintiff's assumption that Lyft waived the right to arbitrate Plaintiff's claims (which it did not), Plaintiff is not bound by the arbitration and class action waiver provision to which the "vast majority" of the putative class has consented.  Compl. ¶ 5.  In short, Plaintiff is "assert[ing] claims that the overwhelming majority of purported class members may be barred from bringing in this court," *Quinlan Macy's Corp. Servs., Inc.*, 2013 WL 11091572, at *3 (C.D. Cal. Aug. 22, 2013), and thus "stands in a different position legally than many class members," *Renton v. Kaiser Found. Health Plan, Inc.*, 2001 WL 1218773, at *7 (W.D. Wash. Sept. 24, 2001).

This differing legal position precludes any possibility of class certification.  In *Avilez v. Pinkerton Gov't Servs. Inc.*, the Ninth Circuit held that a plaintiff cannot demonstrate adequacy or typicality if the plaintiff is not subject to a class action waiver, but members of the putative class are potentially bound by it.  596 F. App'x 579, 579 (9th Cir. 2015).  The *Avilez* court reasoned that unlike Avilez, who was not subject to a class action waiver, "those who signed such waivers have potential defenses that Avilez would be unable to argue on their behalf."  *Id.* Subsequent decisions have reached consensus that an individual who is not bound by an arbitration agreement cannot adequately represent, and does not have claims typical of, unnamed potential class members who signed such an agreement.  *See, e.g.*, *Campanelli v. Image First Healthcare Laundry Specialists, Inc.*, 2018 WL 6727825, at *7 (N.D. Cal. Dec. 21, 2018)

("Campanelli is neither subject to an arbitration clause nor a class/collective action waiver. Thus, he is not an adequate representative and his claims lack typicality . . . ."); *Conde*, 223 F. Supp. 3d at 960 (same); *Tan*, 2016 WL 4721439 at *3 (collecting cases); *see also Jensen v. Cablevision Sys. Corp.*, 372 F. Supp. 3d 95, 122 (E.D.N.Y. 2019) (following *Tan*). [9]

The same is true here.  With the waiver of the arbitration provision in Lyft's Terms, Plaintiff is no longer "subject to an arbitration clause nor a class/collective action waiver," and so stands in a different legal position from those who are potentially bound by those provisions. *Campanelli*, 2018 WL 6727825 at *7.  While the "vast majority" of the putative class here are potentially subject to Lyft's arbitration and class action waiver provision, "there are no circumstances by which these provisions are applicable to the Plaintiff."  *Jensen*, 372 F. Supp. 3d at 122.  Plaintiff's defenses are thus clearly not "typical" of the class.  *Id.*; *see also Arrunategui v. Conocophillips Co.*, 2009 WL 10674111, at *3 (C.D. Cal. June 24, 2009) ("A plaintiff is not typical where he and the putative class face different defenses.").

But even more importantly, Plaintiff is seriously impaired in representing the class against Lyft's arbitration defense.  As discussed above, as an individual to whom the arbitration and class action waiver in Lyft's Terms does not apply, Plaintiff lacks standing to challenge the scope or enforceability of the provision.  *See Tan*, 2016 WL 4721439 at *6.  Far from being an adequate or typical representative, Plaintiff cannot even raise arguments to challenge Lyft's arbitration defense on behalf of drivers who agreed to arbitrate.  *See Conde*, 223 F. Supp. 3d at 960 (finding no adequacy or typicality because an opt-out plaintiff "lack[s] the ability to challenge the agreements on behalf of individuals who did sign such agreements").

---

[9] *See also Tschudy v. J.C. Penney Corp., Inc.*, 2015 WL 8484530, at *3 (S.D. Cal. Dec. 9, 2015) (named plaintiffs not bound by arbitration agreements "fail[ed] to satisfy the typicality and adequacy requirements" of Rule 23(a)(3) and (4)); *King v. Capital One Bank (USA), N.A.*, 2012 WL 5570624, at *14 (W.D. Va. Nov. 15, 2012) (named plaintiffs "could not fairly and adequately represent . . . the interests of individuals who are bound to pursue their claims in arbitration"); *In re Titanium Dioxide Antitrust Litig.*, 962 F. Supp. 2d 840, 861 (D. Md. 2013) ("[T]he members of the current class that are subject to arbitration, forum selection, or class action or jury waiver clauses are in a different legal position than those class members whose contracts contain no such provision."); *Abdul-Baaqiy v. Fed. Nat'l Mortg. Ass'n*, 149 F. Supp. 3d 1, 10 (D.D.C. 2015) ("[P]laintiff's claims are not typical of a potential class when the plaintiff is not required to arbitrate but potential class members are.").

And even if not considered an issue of "standing," Plaintiff is still significantly impaired. Because Plaintiff's claims do not depend on the arbitration agreement, he may oppose a petition to compel arbitration of *other* putative class members with less zeal.  And certain arguments may be off the table entirely: because Plaintiff originally sought relief in arbitration and alleges his claims were "subject to" the arbitration provision in Lyft's Terms, Plaintiff has essentially conceded the applicability and enforceability of Lyft's Terms.  He thus cannot credibly argue that the arbitration agreement is unenforceable or does not apply to the claims at issue in this case.  *See Tan*, 2016 WL 4721439 at *3 (holding that an opt-out plaintiff is not an adequate representative where such a plaintiff cannot credibly make necessary arguments on behalf of the putative class).  In settlement discussions, Plaintiff may face incentives to seek higher compensation for arbitration opt outs and Plaintiff than drivers whose claims in court are more tenuous.  Given these differing interests and impairments, the Court should not allow Plaintiff to bring drivers who agreed to arbitrate into court.

### D. The Court should not delay in striking Plaintiff's improper class allegations.

Plaintiff will no doubt attempt to sweep the problems with his class allegations under the rug and tell the Court that any deficiencies should be addressed later in the case.  But efficiency, conservation of resources, and judicial economy all advocate in favor of addressing the issue now based on the clear, and unsolvable, insufficiencies in Plaintiff's class allegations.  Indeed, "where the matter is sufficiently obvious from the pleadings, a court may strike class allegations."  *Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013).  In such cases, courts have stricken claims subject to arbitration early on.  *Davis v. Wells Fargo Advisors LLC*, 2014 WL 1370278, at *5 (D. Ariz. Apr. 8, 2014); *In re Online Travel Co.*, 953 F. Supp. 2d at 725; *Zieger*, 2014 WL 7388365, at *6–7; *In re H&R Block IRS Form 8863 Litig.*, 2015 WL 13344628, at *2 (W.D. Mo. Jan. 7, 2015).  This case should be no different: Plaintiff himself has alleged that the "vast majority" of the putative class has "consented" to the arbitration provision in Lyft's Terms.  As a matter of law, a class cannot be certified that includes these putative class members, and no further discovery or proceedings will alter that

outcome.  Should the Court find that Lyft waived arbitration as to Plaintiff's individual claims, Plaintiff lacks the baseline adequacy and typicality to represent the putative class.  No discovery will change these dispositive facts and legal conclusions.

Further, resolving the class issue now will promote "the just, speedy, and inexpensive determination" of the case.  Fed. R. Civ. P. 1.  Plaintiff seeks to certify a massive class and will litigate accordingly, imposing huge discovery and case-management costs on Lyft and the Court.  It makes no sense to proceed with class discovery, adjudication of discovery disputes, and motions practice on class certification with respect to a putative class that Plaintiff cannot represent as a matter of law, and which is almost entirely composed of individuals who can never participate as class members.  By striking the class allegations now, early in the case, the Court can spare itself and the parties much effort and speed along resolution.

## V.    CONCLUSION

Even if Plaintiff successfully argues that Lyft waived arbitration as to Plaintiff, that waiver does not extend to the rest of the putative class.  Because those putative class members are subject to a binding arbitration agreement and Plaintiff is not an adequate or typical representative as a matter of law, the Court should strike Plaintiff's class allegations.

Dated:  September 12, 2019

KEKER, VAN NEST & PETERS LLP

By:   */s/ Jo W. Golub*
R. JAMES SLAUGHTER
JO W. GOLUB
MORGAN E. SHARMA
JASON S. GEORGE

Attorneys for Defendant
LYFT, INC.