Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
Laura Iris Mattes (Cal. Bar No. 310594)
imattes@outtengolden.com
Adam Koshkin (Cal. Bar No. 320152)
akoshkin@outtengolden.com
OUTTEN & GOLDEN LLP
One California St., 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

Rachel Bien (Cal. Bar No. 315886)
rmb@outtengolden.com
OUTTEN & GOLDEN LLP
601 S Figueroa St., Suite 4050
Los Angeles, CA 90017
Telephone: (323) 673-9900
Facsimile: (646) 509-2058
*Counsel for Plaintiff*

Katharine Chao (Cal. Bar No. 247571)
kathy@osclegal.com
Christian Schreiber (Cal. Bar No. 245597)
christian@osclegal.com
OLIVIER SCHREIBER & CHAO LLP
201 Filbert St., Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 658-7758

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| D. BRUNNER, JR.<br><br>             Plaintiff,<br><br>v.<br><br>LYFT, INC.,<br><br>             Defendant. | Case No. 3:19-cv-04808-VC<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT LYFT, INC.'S MOTION TO STRIKE**<br><br>Judge: Hon. Vince Chhabria<br>Date: November 14, 2019<br>Time: 10:00 a.m.<br>Room: Courtroom 4, 17th Floor |

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................ 1

II.   BACKGROUND ......................................................................................................... 1

III.  LEGAL STANDARD .................................................................................................. 3

IV.   ARGUMENT ............................................................................................................... 5

    A.   Courts Do Not Strike Class Allegations Even Where Much of the Class is Subject to an Arbitration Agreement. ................................................................ 5

    B.   It Is Irrelevant Whether Mr. Brunner Has Standing to Challenge Other Class Members' Agreements, Because the Enforceability of Other Class Members' Agreements Cannot Be Determined on the Pleadings. .......................................... 6

    C.   Adequacy and Typicality Arguments Are Addressed at Class Certification, Not on the Pleadings. ................................................................................................ 8

V.    CONCLUSION ............................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                     **Page(s)**

*Abbit v. ING USA Annuity*,
    No. 13 Civ. 2310, 2015 WL 7272220 (S.D. Cal. Nov. 16, 2015) ..............................................8

*Allagas v. BP Solar Int'l Inc.*,
    No. 14-cv-00560-SI, 2014 WL 1618279 (N.D. Cal. Apr. 21, 2014).........................................4

*Astiana v. Ben & Jerry's Homemade, Inc.*,
    No. 10-cv-4387-PJH, 2011 WL 2111796 (N.D. Cal. May 26, 2011).......................................4

*AT&T Mobility LLC v. Concepcion*,
    563 U.S. 333 (2011).................................................................................................................2

*Boddie v. Signature Flight Support Corp.*,
    No. 19-cv-03044-DMR, 2019 WL 3554383 (N.D. Cal. Aug. 5, 2019).......................... *passim*

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
    77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ..............................................................................3

*Conde v. Open Door Mktg., LLC*,
    223 F. Supp. 3d 949 (N.D. Cal. 2017) ....................................................................................7

*Graves v. Sw. & Pac. Specialty Fin., Inc.*,
    No. 13-cv-1159-SBA, 2013 WL 5945851 (N.D. Cal. Nov. 4, 2013) ...............................4, 6, 9

*Kamm v. Cal. City Dev. Co.*,
    509 F.2d 205 (9th Cir. 1975) ...................................................................................................4

*Keck v. Alibaba.com, Inc.*,
    No. 17-cv-05672-BLF, 2018 WL 4181955 (N.D. Cal. Aug. 30, 2018) ...................................4

*Lee v. Am. Exp. Travel Related Servs., Inc.*,
    348 F. App'x 205 (9th Cir. 2009) ............................................................................................7

*Lee v. Hertz Corp.*,
    330 F.R.D. 557 (N.D. Cal. 2019)..............................................................................................3

*Maldonado v. Apple, Inc.*,
    No. 16-cv-04067-WHO, 2019 WL 4451028 (N.D. Cal. Sept. 17, 2019) ................................8

*O'Connor v. Uber Technologies, Inc.*,
    904 F. 3d 1087 (9th Cir. 2018) ................................................................................................6

*Pang v. Samsung Elecs. Am., Inc.*,
    No. 18-cv-01882-PJH, 2018 WL 4491154 (N.D. Cal. Sept. 19, 2018) ...................................5

*Roberts v. Wyndham Int'l, Inc.*,
   No. 12-cv-5083-PSG, 2012 WL 6001459 (N.D. Cal. Nov. 30, 2012) ..................................8

*Rodas v. Monetary Mgmt. of Cal., Inc.*,
   No. 14 Civ. 01389, 2015 WL 1440602 (E.D. Cal. Mar. 27, 2015) ..........................................6

*T. K. v. Adobe Sys. Inc.*,
   No. 17-cv-04595-LHK, 2018 WL 1812200 (N.D. Cal. April 17, 2018) ..................................5

*Tan v. Grubhub, Inc.*,
   No. 15-cv-05128-JSC, 2016 WL 4721439 (N.D. Cal. July 19, 2016) .....................................7

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
   No. 13-cv-1803-EMC, 2014 WL 1048710 (N.D. Cal. Mar. 14, 2014) ...................................4

*Tietsworth v. Sears*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) .................................................................................3

*Vinole v. Countrywide Home Loans, Inc.*,
   571 F.3d 935 (9th Cir. 2009) ..............................................................................................3, 4

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
   505 F. Supp. 2d 609 ...............................................................................................4, 5, 8, 9

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ..............................................................................................3, 5

*Yastrab v. Apple Inc.*,
   No. 14-cv-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ....................................4

*Zep Solar Inc. v. Westinghouse Solar Inc.*,
   No. 11-cv-6493-JSW, 2012 WL 1293873, at *1 (N.D. Cal. Apr. 16, 2012) ............................3

**Other Authorities**

Rule 12(f) .........................................................................................................................4, 5

## I. INTRODUCTION

Lyft's Motion to Strike Plaintiff Donald Brunner Jr.'s class allegations is the kind of ambitious pre-litigation of Rule 23 issues that courts in this district routinely reject. Lyft ignores the text of the Federal Rules and the governing caselaw. Courts in this district consistently deny such motions to strike as premature even where many of the proposed class members, but not the class representative, is subject to an arbitration agreement. *See, e.g.*, *Boddie v. Signature Flight Support Corp.*, No. 19-cv-03044-DMR, 2019 WL 3554383, at *1 (N.D. Cal. Aug. 5, 2019). Lyft's challenge would be more appropriately styled a "motion to deny class certification," but such motions are also typically denied and the absurdity of such a motion before discovery has even begun would have been self-evident. Regardless, because Lyft cannot show that it is *impossible* for Mr. Brunner to certify any class based on any evidence to be adduced in the future, Lyft's motion must be denied.

Put another way, the Complaint is neither impertinent nor scandalous, nor does it fit within any of the other narrow bases for a motion to strike.

## II. BACKGROUND

Lyft is a transportation service that provides rides to customers by assigning them to drivers through the Lyft App. Complaint ("Compl.") ¶¶ 24-25. Lyft has chosen to misclassify Mr. Brunner as an independent contractor rather than treating him as an employee for the work he performs for Lyft and its customers each week. As a result, Lyft denies Mr. Brunner the basic protections that Congress and the California Legislature have deemed so vital to a healthy economy, such as the minimum wage protection against poverty wages, the overtime protections against unhealthy overwork and exacerbated unemployment rates, and the protections against businesses shifting the cost of their overhead and other expenses on to workers. *Id*. ¶ 51-54.

On February 15, 2019, Mr. Brunner initiated arbitration against Lyft to vindicate his rights and hold Lyft accountable under California and Federal law. Mr. Brunner would not have voluntarily chosen individual arbitration as required under Lyft's adhesive 3,500+-word arbitration agreement buried in its 14,000+-word Terms of Service and Privacy Policy if he had

understood their import, but he understood himself to be stuck with arbitration as his only recourse for Lyft's legal violations. Thirteen days after filing his claim in arbitration, and just one day after receiving the AAA's invoice, Mr. Brunner dutifully paid his $300 filing fee. Then he waited for the allegedly "efficient, streamlined" process of arbitration to get under way. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344-45 (2011). But Lyft did not pay its share of the arbitration fee. Declaration of Katharine Chao in Support of Plaintiff's Opposition to Lyft's Motion to Compel Arbitration ("Chao Decl.") ¶ 8, Ex. F. So Mr. Brunner waited. And, without any payment from Lyft, AAA would not assign an arbitrator or otherwise allow the arbitration to proceed. *Id.* Still, Lyft didn't pay. *Id.* Mr. Brunner then asked Lyft to pay. *Id.* Lyft didn't pay. *Id.* Mr. Brunner asked again with no luck. *Id.* He even asked AAA to require Lyft to pay. *Id.* ¶ 9. But that did not do the trick. He was stuck at step one of his arbitration for months with no movement.

  And Mr. Brunner wasn't the only one against whom Lyft was pulling this trick. It happened to at least 22 other drivers represented by Mr. Brunner's counsel alone. We do not know how many other drivers are stalled at the gate, unable to proceed even to the first step of arbitrator selection.

  In short, Lyft, having foisted arbitration upon Mr. Brunner and his fellow drivers, had reneged.

  Eventually, seemingly out of options and understanding Lyft's inaction to convey that it no longer wished to pursue arbitration, Mr. Brunner filed this action.

  Suddenly, within one week, Lyft paid the filing fee.

  This is the state of forced arbitration practice. Lyft selected the forum it deemed most advantageous, and, once it got there, it declined to participate. Lyft was only goaded into participation once threatened with action in a different, presumably less advantageous forum. But Lyft abandoned its first choice forum when it declined to participate, and now Mr. Brunner and his fellow drivers seek to litigate in their preferred forum.

## III.  LEGAL STANDARD

A motion to strike may only be granted if the portion of the complaint to be struck is "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). "Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (*Zep Solar Inc. v. Westinghouse Solar Inc.*, No. 11-cv-6493 JSW, 2012 WL 1293873, at *1 (N.D. Cal. Apr. 16, 2012)).  Such motions should only be granted where "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Boddie,* 2019 WL 3554383, at *1 (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)).  In adjudicating a motion to strike, the Court "shall view the pleadings in the light most favorable to the pleader," and if "there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits." *Lee v. Hertz Corp.*, 330 F.R.D. 557, 560 (N.D. Cal. 2019) (quoting *Zep Solar Inc.*, 2012 WL 1293873, at *1).  Courts do not consider evidence beyond the pleadings in adjudicating motions to strike.  *Boddie*, 2019 WL 3554383, at *3 (citing *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 n.10 (N.D. Cal. 2010)) (refusing to consider declaration of defendant's employee on motion to strike class allegations).

Courts in this district disfavor litigating class certification on the pleadings through a motion to strike, and motions to strike class allegations "are rarely successful." *Lee*, 330 F.R.D. at 562.  "[I]n general, class allegations are not tested at the pleading stage and are instead scrutinized after a party has filed a motion for class certification." *Boddie*, 2019 WL 3554383, at *3 (quoting *Yastrab v. Apple Inc.*, No. 14-cv-01974-EJD, 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015)).  This is because "the pleadings alone will not resolve the question of class certification." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Instead, "a motion for class certification is a more appropriate vehicle for arguments pertaining

to the class allegations." *Graves v. Sw. & Pac. Specialty Fin., Inc.*, No. 13-cv-1159-SBA, 2013 WL 5945851, at *2 (N.D. Cal. Nov. 4, 2013); *see also Vinole*, 571 F.3d at 942 ("[T]he better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable."); *Allagas v. BP Solar Int'l Inc.*, No. 14-cv-00560-SI, 2014 WL 1618279, at *6 (N.D. Cal. Apr. 21, 2014) ("Motions to strike class allegations are rarely granted at the pleading stage . . . [because the] better practice is to assess class allegations through a motion for class certification."); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, No. 13-cv-1803-EMC, 2014 WL 1048710, at *3-4 (N.D. Cal. Mar. 14, 2014) (describing motion to strike class action allegations under Rule 12(f) as "procedurally improper"); *Astiana v. Ben & Jerry's Homemade, Inc.*, No. 10-cv-4387-PJH, 2011 WL 2111796, at *13-14 (N.D. Cal. May 26, 2011) ("[S]uch a [Rule 12(f)] motion appears to allow a determination of the suitability of proceeding as a class action without actually considering a motion for class certification."); .

Early motions under Rule 23 that seek denial of class certification on the pleadings are similarly disfavored.[1]  This is so because at "this stage of the proceedings, without the benefit of a developed record, the Court simply cannot conclude that Plaintiff will be unable to meet her burden under Rule 23." *Keck v. Alibaba.com, Inc.*, No. 17-cv-05672-BLF, 2018 WL 4181955, at *3 (N.D. Cal. Aug. 30, 2018); *see also Yastrab*, 2015 WL 1307163, at *8 (acknowledging that Rule 23 allows courts to hear early motions but noting that such motions are generally not granted).

---

[1] Lyft cites no district court case from this district, nor does it cite a case from elsewhere in California supporting its legal rule to the contrary.  *See* Lyft's Brief in Support of Motion to Strike ("Lyft Br.") at 5.  The one Ninth Circuit case it cites involved a unique factual scenario where some discovery and an alternate remedy was available to class members as the result of prior state court litigation between the same defendants and the Attorney General of California. *See Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 208, 210 (9th Cir. 1975); *see also In re Wal-Mart Stores, Inc. Wage & Hour Litig.,* 505 F. Supp. 2d 609, 615 (N.D. Ca. 2007) (noting *Kamm's* status as an outlier).

## IV. ARGUMENT

Each of Lyft's arguments in favor of its motion to strike is an argument against class certification rather than an argument that Mr. Brunner's class allegations fit within any of the five reasons a motion to strike may be granted. *See Whittlestone*, 618 F.3d at 973-74 (court's analysis on motion to strike considers whether the material to be stricken is "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous"); *see also Boddie*, 2019 WL 3554383, at *3 (motion to strike denied where the "Defendants [did] not explain how the class allegations in the [complaint] satisfy this standard"). And, because such arguments are premature at this stage of the case, Lyft's motion must be denied. *See In re Wal-Mart,* 505 F. Supp. 2d at 615 (premature to strike class allegations where the defendant "has not answered in this case, discovery has not yet commenced, and no motion for class certification has been filed").

### A. Courts Do Not Strike Class Allegations Even Where Much of the Class is Subject to an Arbitration Agreement.

Courts in the Northern District of California consistently refuse to shut down a class action at the pleading stage for the mere fact that many or even most class members signed an arbitration agreement. *See, e.g., Boddie*, 2019 WL 3554383, at *2-4 (motion to strike class allegations on grounds that the "majority of the putative class members Plaintiff seeks to represent are bound by [the defendant's arbitration agreement]" denied because the "Defendants have not answered the FAC, discovery has not yet commenced, and no motion for class certification has been filed"); *Pang v. Samsung Elecs. Am., Inc.*, No. 18-cv-01882-PJH, 2018 WL 4491154, at *2 (N.D. Cal. Sept. 19, 2018) (a motion that "does not seek to strike class allegations, so much as limit the scope of the proposed class or amend the class definition [to exclude class members who consented to arbitration] . . . falls outside the purview of a Rule 12(f) motion."); *T. K. v. Adobe Sys. Inc.*, No. 17-cv-04595-LHK, 2018 WL 1812200, at *13 (N.D. Cal. April 17, 2018) (motion to strike "class allegations because the putative class members are bound by arbitration and no-class-action clauses" denied because it is "more appropriate to address these issues at the class certification stage once both sides have had the opportunity to

further develop their arguments and engage in discovery"); *Graves*, 2013 WL 5945851, at *3-4 (motion to strike class allegations where all but five members of the putative class were subject to arbitration agreements denied because the "Defendant's arguments regarding the class allegations are essentially arguments in opposition to a class certification motion that has yet to be filed"); *accord Rodas v. Monetary Mgmt. of Cal., Inc.*, No. 14 Civ. 01389, 2015 WL 1440602, at *4-5 (E.D. Cal. Mar. 27, 2015) ("Because the Court finds that this is not the appropriate time to strike or modify the class definitions in this action, the Court will not address whether the Arbitration Agreements will prevent potential class members from proceeding in the action.").

Lyft's argument that Mr. Brunner's class allegations should be stricken is unpersuasive because it relies on a class certification decision and arguments appropriate for that procedural posture. Lyft primarily relies on the class certification decision in *O'Connor v. Uber Technologies, Inc.* for the proposition that the Court should strike the class allegations because the vast majority of class members consented to arbitration. 904 F.3d 1087 (9th Cir. 2018). But, the Ninth Circuit's reasoning there rests on the particular procedural posture of class certification. For example, the Ninth Circuit had the benefit of discovery, and the arbitration agreements at issue were before the court. *O'Connor*, 904 F.3d at 1094-95. In contrast, here, on a motion to strike, only the pleadings are at issue; there has been no discovery and the arbitration agreement Lyft seeks to enforce is not before the Court. *See Boddie*, 2019 WL 3554383, at *3 (refusing to consider declaration on motion to strike).

### B. It Is Irrelevant Whether Mr. Brunner Has Standing to Challenge Other Class Members' Agreements, Because the Enforceability of Other Class Members' Agreements Cannot Be Determined on the Pleadings.

Lyft asks the Court to strike Mr. Brunner's class allegations because he lacks "standing" to challenge the enforceability of the arbitration agreements and class action waivers binding absent class members. But this argument fails for the same reasons as Lyft's other arguments: the enforceability of absent class members' arbitration agreements is not before the Court at the pleading stage. *See* Lyft Br. at 10 ("Lyft need not address Plaintiffs' *hypothetical* enforceability challenge in this motion.") (emphasis added).

Lyft asks the Court to follow the reasoning of two more class certification decisions, *Tan v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2016 WL 4721439 (N.D. Cal. July 19, 2016) and *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949 (N.D. Cal. 2017).  But again, as in *O'Connor*, the reasoning in these class certification decisions reflects that posture.  Each opinion addresses the defendant's motion to deny class certification – rather than a motion to strike – and evaluates the plaintiff's argument that absent class members' arbitration agreements should not be enforced.  *See Conde*, 223 F. Supp. 3d at 960 ("Plaintiffs dedicate the bulk of their opposition to arguing that the arbitration agreements at issue are unenforceable."); *Tan*, 2016 WL 4721439, at *5-6 (the plaintiffs argue "the class waiver provisions are unenforceable").  But, as Lyft acknowledges, a challenge to the enforceability of its arbitration agreement and class waiver as to absent class members is merely a "hypothetical" at this stage.  Lyft Br. at 10.

Even if it were necessary for the Court to decide whether Mr. Brunner may challenge the enforceability of absent class members' arbitration agreements and class action waivers, Mr. Brunner would be able to bring such a challenge.  As detailed in Mr. Brunner's Opposition to Lyft's Motion to Compel Arbitration ("Opp. to Mot. to Compel"), Mr. Brunner is not subject to arbitration because he was denied the benefit of his bargain for a speedy and inexpensive forum for prosecuting his claims.  Opp. to Mot. to Compel at 11-14.  Mr. Brunner's loss of the benefit of the bargain is the type of harm that allows him to challenge the enforceability of the arbitration agreements of other drivers subjected to similar conduct.  *Cf. Lee v. Am. Exp. Travel Related Servs., Inc.*, 348 F. App'x 205, 207 (9th Cir. 2009) (a plaintiff's thwarted desire to arbitrate constitutes a loss of the benefit of the bargain, and thus an injury for standing purposes, once the plaintiff actually demands arbitration).  Lyft's suggestion that one plaintiff cannot challenge the contracts signed by other proposed class members ignores the thousands of consumer class actions asserting breach of contract and similar claims.  For example, an individual who alleged he did not receive the benefit of the bargain of his Apple Care subscription when Apple Care sent him a refurbished iPhone rather than a phone "equivalent to new" could litigate on a classwide basis whether Apple's failure to provide "equivalent to new"

phones deprived other Apple Care subscribers of the benefit of their bargain.  *Maldonado v. Apple, Inc.*, No. 16-cv-04067-WHO, 2019 WL 4451028, at *4-12 (N.D. Cal. Sept. 17, 2019); *see also Abbit v. ING USA Annuity*, No. 13 Civ. 2310, 2015 WL 7272220, at *12 (S.D. Cal. Nov. 16, 2015) (certifying class where representative sought to adjudicate whether he and others who purchased annuities from the defendant received the benefit of the bargain).  Similarly, here, Mr. Brunner can attempt to litigate on a classwide basis the question of whether Lyft drivers did not receive the benefit of their bargain in agreeing to arbitration (i.e., because Lyft waived its right to enforce the arbitration agreement by delaying payment in the same manner for a group of drivers).

        **C.    Adequacy and Typicality Arguments Are Addressed at Class Certification, Not on the Pleadings.**

"[I]n general, class allegations are not tested at the pleading stage and are instead scrutinized after a party has filed a motion for class certification."  *Boddie,* 2019 WL 3554383, at *3 (internal citations and quotations omitted).  This is so because "the shape and form of a class action evolves only through the process of discovery."  *In re Wal-Mart*, 505 F. Supp. 2d at 615 (internal citations and quotations omitted); *see also Roberts v. Wyndham Int'l, Inc.*, No. 12-cv-5083-PSG, 2012 WL 6001459, at *7 (N.D. Cal. Nov. 30, 2012) ("Class discovery may serve to refine the class and the allegations and to aid the court in determining whether class certification is appropriate.").

While Lyft is welcome to amass evidence and arguments against class certification at that stage in the litigation, it cannot do so on the pleadings.  A motion to strike is not an appropriate vehicle for evaluating questions of a class' certifiability, and Lyft's arguments regarding Mr. Brunner's adequacy and typicality as a class representative should not be considered in this context.  For example, in *Boddie*, the court denied the defendant's motion to strike class allegations, which was based on the argument that by opting out of an arbitration agreement, the named plaintiff was "atypical and unable to represent those putative class members who did not opt out," because it was "premature" to address such arguments on the pleadings where "discovery has not yet commenced and no motion for class certification has been filed."  *Boddie*,

8

2019 WL 3554383, at *2-4; *see also Graves*, 2013 WL 5945851, at *3-4 (motion to strike class claims on grounds named plaintiffs not subject to an arbitration agreement were "neither typical of putative class members who signed the arbitration agreement nor [] adequate representatives of those class members" denied because the "motion to strike is premature given that Defendant has not filed an answer to the complaint, discovery has not yet commenced, and no motion for class certification has been filed"). Determining class certification requirements on the pleadings would reach far beyond a court's reasonable discretion. Rather, at this early, pre-discovery stage, courts allow the "shape and form of [the] class action" to "evolve [] through the process of discovery." *See In re Wal-Mart*, 505 F. Supp. 2d at 615 (internal citations and quotation omitted). This is especially true in a case like this one, where discovery is necessary to evaluate the extent to which the factual scenario exempting Mr. Brunner from arbitration is applicable to other Lyft drivers.

## V.   CONCLUSION

For the reasons set forth above, Lyft's motion to strike must be denied.

Dated:  September 26, 2019

Respectfully submitted,

By:  */s/Jahan C. Sagafi*
        Jahan C. Sagafi

Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
Laura Iris Mattes (Cal. Bar No. 310594)
imattes@outtengolden.com
Adam Koshkin (Cal. Bar No. 320152)
akoshkin@outtengolden.com
OUTTEN & GOLDEN LLP
One California St, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810

Rachel Bien (Cal. Bar No. 315886)
rmb@outtengolden.com
601 S Figueroa St., Suite 4050
Los Angeles, CA 90017
Telephone: (323) 673-9900
Facsimile: (646) 509-2058

Katharine Chao (Cal. Bar No. 247571)
kathy@osclegal.com
Christian Schreiber (Cal. Bar No. 245597)
christian@osclegal.com
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 658-7758

*Counsel for Plaintiff*