UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. BRUNNER, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>LYFT, INC.,<br><br>        Defendant. | Case No. 19-cv-04808-VC<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 19 |

       In February 2019, Donald Brunner, Jr. filed an arbitral claim with, and paid filing fees to, the American Arbitration Association. He raised claims based on Lyft's alleged misclassification of him as an independent contractor. So did 106 other drivers that are represented by the same law firms. The AAA split those claimants into five groups; Brunner was placed in Group 3. Lyft, the drivers, and the AAA began to hammer out a schedule for each group. But by August 2019, Lyft still hadn't paid its filing fees for Group 3 despite multiple reminders from the AAA. Lyft instead requested additional confirmation from the AAA as to which group each invoice related, purportedly to head off the possibility of duplicative payments. The AAA at one point told Lyft that the Group 3 fees had been paid; reversing course a week later, the AAA reported that the fees in fact had not been paid. Lyft and the AAA eventually reached an understanding on the outstanding fees; on August 21, 2019, the AAA sent a renewed invoice for Group 3, which Lyft promptly paid. Bertoldi Decl. ¶ 150, Dkt. No. 19-7.

       Seven days before that renewed invoice was sent, Brunner withdrew his arbitral claim and filed this action on behalf of a putative class. He resists a return to arbitration on the grounds that Lyft (i) defaulted in arbitration, (ii) materially breached the arbitration agreement, and

(iii) waived its arbitral rights. Because Lyft did none of those things, its motion to compel arbitration on an individual basis is granted.

1. Under the Federal Arbitration Act, the term "default" refers to "the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4. Section 4's typical remedy when a party defaults is a court order "directing the parties to proceed to arbitration in accordance with the terms of the agreement." But following "a prior default in arbitration," the proper remedy may be to provide a judicial forum for the claims. *Sink v. Aden Enterprises, Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003). A party's premature termination of the first round of arbitration doesn't give that party the power to force a second round and thereby "indefinitely postpone litigation." *Id.*

Lyft did not default in arbitration. The lead Ninth Circuit case on this subject involved both the cancellation of a scheduled arbitration and a formal order of default entered by the arbitrator. *Id.* at 1199; *see also Pre-Paid Legal Services, Inc. v. Cahill*, 786 F.3d 1287, 1293 (10th Cir. 2015). Here, in contrast, Brunner withdrew from arbitration before the AAA invoked its own suspension or termination procedures. *See McLellan v. Fitbit, Inc.*, 2018 WL 3549042, at *5 (N.D. Cal. July 24, 2018). The AAA also issued an updated invoice for the filing fees— presumably because it saw fit to clarify which fees Lyft still owed—and the arbitration of the Group 3 claims is proceeding. Indeed, the only party in this case who defaulted under section 4 is Brunner, who left the arbitral forum to press these claims in court.

That is not to say that a formal order of default is necessary. *See Pre-Paid Legal*, 786 F.3d at 1295–96. But the arbitrator—or, in this case, the AAA itself—is well positioned to decide in the first instance whether the non-payment of fees justifies the termination of arbitral proceedings. When the arbitration is kept on track, district courts should be hesitant to derail proceedings on the basis of innuendo and supposition.

2. Unlike default, the concept of material breach draws its force from contract law. Material breach is a defense to the enforcement of an arbitration agreement under 9 U.S.C. § 2. Except when superseded by the FAA, the parties' arbitration agreement is governed by

California law. *See* Terms of Service § 21. Material breach is a question of fact that turns in part on whether the contractual counterparty was harmed by the breach. *See Boston LLC v. Juarez*, 245 Cal. App. 4th 75, 87 (2016). The Ninth Circuit has interpreted California contract law to provide that a party materially breaches an arbitration agreement when it "refuse[s] to participate in the arbitration process at all." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005).

Lyft did not materially breach the arbitration agreement. To begin with, the AAA's reissuance of an invoice strongly suggests that Lyft did not breach its obligation to pay filing fees. And even if the failure to pay the first invoice technically breached the agreement, Lyft presented unrebutted evidence that the arbitration of Brunner's claims was not delayed by the late payment. Consider the pace at which Group 2 proceeded: Lyft paid the filing fees for Group 2 in a timely fashion, but none of the Group 2 preliminary conferences took place by the time Brunner withdrew his claim and the Group 2 arbitration hearings are scheduled for March 2020. Group 3, as its number suggests, trails the administration of Group 2. So even if Lyft paid the filing fees right away, the AAA would still be months away from arbitrating the Group 3 claims. Brunner thus did not suffer delay from the alleged breach.

3. Like material breach, waiver also sounds in generally applicable principles of contract law. *See Newirth by and through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 940 (9th Cir. 2019). Waiver is generally defined as the intentional relinquishment or abandonment of a known right. In this context, Brunner must establish: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016). The Ninth Circuit imposes "a heavy burden of proof" on any party asserting waiver. *Newirth*, 931 F.3d at 940. Lyft does not contest its knowledge of an existing right to arbitrate these claims, but Brunner has failed to demonstrate either an act inconsistent with that right or prejudice.

Lyft has not acted inconsistently with its right to arbitrate Brunner's claims. The "refusal to arbitrate after being served with" an arbitral demand would satisfy this element. *Brown*, 430

F.3d at 1012. But Lyft submitted to arbitration, has been actively cooperating with the AAA, and never rejected its obligation to pay filing fees. *See Willick v. Napoli Bern Ripka & Associates, LLP*, 2015 WL 1276549, at *4 (C.D. Cal. Aug. 20, 2015). By all appearances, the failure to pay the fees for Brunner's case was the result of genuine administrative confusion. *See, e.g.*, Dkt. No. 19-19. Nor has Brunner been prejudiced by the delay. Under some circumstances, prejudice from delay can justify the heavy medicine of waiver. *See Brown*, 430 F.3d at 1012–13. As explained above, however, the six-month delay between Brunner's filing and withdrawal of his arbitral claim is attributable to the AAA's administrative timeline for the 107 claims pending against Lyft, not to Lyft's late payment of the fees for Group 3.

Brunner's claims are dismissed without prejudice. *See Johnmohammadi v. Bloomingdale's Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014).

**IT IS SO ORDERED.**

Dated: November 14, 2019

_____
VINCE CHHABRIA
United States District Judge